THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALEXANDER HOFFMAN, Appellant.   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK PALERMO, Appellant.   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SOLOMON PELISH, Appellant.   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NORMA RIMLAND GOLD, Alias NORMA RIMLAND, Appellant.   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RITA DEMBITZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MAE MALACHOWSKY, Appellant.   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PEARL SPIVACK, Appellant.— Judgments of the County Court of Queens County, convicting the defendants of the crimes of attempted arson in the second and third degrees, attempted malicious mischief and conspiracy and, in addition, convicting the defendants Pelish, Spivack, and Gold, alias Rimland, of the crime of unlawful entry, unanimously affirmed as to each defendant.   The guilt of each defendant was palpable and was convincingly proved, and there is no merit in any of defendants' points.   Nor is there any basis for the claim that the defendants were denied the right to poll the jury.   The verdict was rendered on Election Day, 1940. When the foreman announced that the jury had found all the defendants guilty on all counts, the clerk called upon the jury to " Harken to your verdict.   You say you find all defendants guilty on all counts.   So say you all."   The court discloses that the defendants were then brought to the bar and the court stated that the verdict will be recorded and the defendants remanded and " All motions are reserved, because this is a holiday."   The jury were then discharged.   The court fixed November eighth for the purpose of taking pedigrees and hearing motions.   On that date the court asked counsel if they had any motions.   Mr. Rosenthal, counsel for defendant Hoffman, then moved to set aside the verdict and for a new trial on the grounds specified in section 465 of the Code of Criminal Procedure and on all the exceptions taken to the admission and exclusion of evidence and on the refusal of the court to strike out evidence which was taken subject to connection but which was not connected.   When the court asked counsel to specify the items of evidence to which the motion was directed, counsel stated that he was " not prepared at this minute to enlarge upon this matter."   After some further colloquy the court adjourned the hearing to November fifteenth for all purposes.   On November fifteenth counsel for one of the defendants stated that it had been his intention, after the verdict was announced, to have the jury polled.   The statute provides that when a verdict is rendered and before it is recorded the jury may be polled on the requirement of either party.   (Code Crim. Proc. § 450.)   We are not impressed with the claim that counsel refrained from requesting that the jury be polled because the court stated all motions would be deferred until November eighth.   In our opinion the claim that the defendants were denied the right to poll the jury was an afterthought.   It was not asserted until November fifteenth.

If counsel intended to have the jury polled the request should have been made when the jury rendered their verdict and before the defendants were called to the bar and the verdict directed to be recorded and defendants remanded. Instead of doing so, counsel remained mute at each of these steps in the proceedings. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.